[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10230
Non-Argument Calendar

_____

Agency No. A089-214-029

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2011
JOHN LEY
CLERK

SERGII VLODIMIROVICH MYROSHNYCHENKO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 31, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Sergii Vlodimirovich Myroshnychenko seeks review of the Board of Immigration Appeals' (BIA's) denial of his motion to reconsider its decision affirming the Immigration Judge's order denying his application for asylum. After review, we dismiss in part and deny in part Myroshnychenko's petition.

I.

Myroshnychenko is a citizen of Ukraine and is of mixed Ukranian and Russian ethnicity. In 2006, he entered the United States on a temporary visa, which he overstayed. In 2007, he filed an application with the Department of Homeland Security seeking asylum, withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention Against Torture (CAT). Myroshnychenko stated in his application that he suffered persecution in Ukraine because of his ethnicity and political opinion and that he had a well-founded fear of future persecution should he return.

At a hearing before an Immigration Judge (IJ), Myroshnychenko provided details of two instances in Ukraine that he argued established his eligibility for relief. First, in 2000 a travel agency defrauded him out of money and, when he reported the crime, police abducted and beat him after having been bribed by the travel agency. Second, in 2006 he and a friend were beaten by Ukranian police during a political demonstration in Kiev. According to Myroshnychenko, the

2

police arrested him, called him an anti-Russian slur, and attempted to coerce him into signing a false confession. Myroshnychenko argued that the police's conduct evidenced their strong anti-Russian sentiment.

The IJ asked Myroshnychenko for evidence to corroborate these events, such as newspaper clippings of the Kiev demonstration or an affidavit from the friend who accompanied him. Myroshnychenko did not provide any corroborating evidence nor did he argue that such evidence was unavailable. Because of the absence of evidence tying the 2000 incident to Myroshnychenko's ethnicity or political opinion, and the absence of corroborating evidence regarding the 2006 incident, the IJ denied Myroshnychenko's application.

Myroshnychenko appealed to the BIA, arguing that the IJ erred in denying his asylum application.[1] The BIA issued a final order of removal dismissing Myroshnychenko's appeal for the same reasons the IJ denied his application, although the BIA did not adopt the IJ's opinion. Myroshnychenko did not timely seek judicial review of the BIA's order, but instead filed a motion to reconsider.

---

[1] Myroshnychenko did not challenge the IJ's denial of his claims for withholding of removal and CAT relief. Accordingly, he has abandoned these claims and we will not address them. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

In his motion to reconsider, Myroshnychenko argued: (1) the events that took place in 2000 and 2006, in the aggregate, constituted past persecution; (2) he satisfied his burden of proof by establishing asylum eligibility without corroborating evidence; (3) he was not required to establish that internal resettlement was unavailable because countrywide persecution is presumed when the persecutor is the state; and (4) he established past persecution, so a well-founded fear of future persecution should have been presumed.

The BIA denied Myroshnychenko's motion to reconsider, finding that he failed to establish persecution because he did not provide reasonably obtainable corroborating evidence at the IJ's request, 8 U.S.C. § 1229a(c)(4)(B), and that without establishing past persecution, he was not entitled to a presumption of future countrywide persecution. Myroshnychenko now seeks review of the BIA's denial of his motion to reconsider.

## II.

### A.

In his petition, Myroshnychenko appears to challenge not only the BIA's denial of his motion to reconsider, but also the BIA's final order of removal. But to obtain judicial review of the BIA's final order, Myroshnychenko would have had to file a petition within thirty days of that order. 8 U.S.C. § 1252(b)(1). He

4

did not do so.  Because Myroshnychenko did not file a timely petition for review of the BIA's final order of removal, we lack jurisdiction to review that order.  *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (noting that the time limit to file a petition for review of an immigration proceeding is "'mandatory and jurisdictional'" (quoting *Stone v. INS*, 514 U.S. 386, 405 (1995))).  Accordingly, to the extent Myroshnychenko seeks review of the BIA's final order of removal, we dismiss his petition.

B.

Our review is therefore limited to the BIA's denial of Myroshnychenko's motion to reconsider.  "The decision to grant or deny a motion to reopen or reconsider is within the discretion of the [BIA] . . . ."  8 C.F.R. § 1003.2(a).  We review the BIA's denial of a motion to reconsider for abuse of discretion, *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008), and will uphold the BIA's decision unless it is "arbitrary or capricious."  *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005).

In his petition for review, Myroshnychenko argues that the BIA abused its discretion in rejecting the arguments he raised in his motion to reconsider.  A proper motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."  8 U.S.C. § 1229a(c)(6)(C).

5

A motion "that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (internal quotation marks omitted). Here, Myroshnychenko's arguments were mere reiterations of his original arguments before the BIA. Thus, the BIA did not abuse its discretion in denying Myroshnychenko's motion to reconsider. Because Myroshnychenko fails to establish that the BIA abused its discretion in denying his motion to reconsider, we deny this part of his petition.

**PETITION DISMISSED in part and DENIED in part.**